UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KELSEY CUGINO,

      Plaintiff,

v.                                                         Case No. _____

CLASSICA CRUISE
OPERATOR LTD. INC.,

      Defendant.
_____/

**COMPLAINT**
**and**
**DEMAND FOR JURY TRIAL**

Plaintiff, Kelsey Cugino, sues Defendant, Classica Cruise Operator Ltd. Inc., and alleges:

**A. Case Summary**

1. This is a negligence action brought by a cruise-ship passenger against a cruise line after unsafe flooring caused the passenger to slip and fall. In falling, the Plaintiff suffered severe tears in the ligaments and tendons of his right leg, requiring surgical repair followed by a prolonged rehabilitation period.

## B. Rule 9(h)(1) Designation: Diversity Jurisdiction

2. The Plaintiff's claim for relief arises out of an accident that occurred on a ship sailing in navigable waters, while the ship was engaged in an activity—pleasure cruising—bearing a substantial relationship to traditional maritime activity, so the Plaintiff's claim falls within the court's admiralty/maritime jurisdiction.

3. But the Plaintiff's claim also falls within the court's diversity-of-citizenship jurisdiction because:

    (a) the Plaintiff is a citizen of North Carolina;

    (b) the Defendant is a citizen of the Commonwealth of The Bahamas and the state of New York, as it is a corporation incorporated under the laws of The Bahamas and as its principal place of business is in New York; and

    (c) the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4. So, as permitted under Rule 9(h)(1) of the Federal Rules of Civil Procedure, the Plaintiff designates this claim as brought at law under the court's diversity-of-citizenship jurisdiction.

5. Although this claim is brought at law rather than in admiralty, it is nevertheless governed by the general maritime law.

## C. Personal Jurisdiction

6. The Defendant is a corporation headquartered in Florida and it operates cruise ships out of Florida ports. And the Defendant's ship on which Plaintiff Cugino was injured sailed from Port Tampa Bay. So in this

action the court exercises specific in-personam jurisdiction over the Defendant. And the Defendant, in its ticket contract, has explicitly consented to personal jurisdiction in this district by inserting a clause requiring actions like this to be brought in this judicial district's Orlando Division.

### D. Venue

7. Because the Defendant is subject to the court's personal jurisdiction with respect to this action, under 28 U.S.C. § 1391(c)(2) the Defendant is deemed for venue purposes to reside in this judicial district. And because the Defendant is deemed for venue purposes to reside in this judicial circuit, venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1). Moreover, in its ticket contract, the Defendant requires actions like this to be brought here.

### E. One Count of Negligence: Unsafe Flooring

8. The Defendant, Classica Cruise Operator Ltd. Inc., owns and operates a cruise ship, the *Margaritaville at Sea Islander*, that sailed from Port Tampa Bay, Florida, on April 13, 2025, on a five-night Caribbean cruise.

9. The Plaintiff, Kelsey Cugino, age forty-three, went on that cruise with his family.

10. On or about April 16, 2025, while the ship sailed in navigable waters in the Caribbean, Kelsey Cugino was stepping into one of the ship's swimming pools when he slipped on an extremely slippery step whose

friction strips were so worn down that they were completely ineffective, so much so that the step felt as slippery as ice to Mr. Cugino.

11. The step was also loose and wobbly, exacerbating this slipping hazard.

12. **Notice/Knowledge:** Classica's knowledge of this dangerously slippery step is established by its having taken corrective action—attaching one-inch-wide friction strips lengthwise across this step and the nearby steps—to alleviate this hazard, for "[e]vidence that a ship owner has taken corrective action can establish notice of a dangerous or defective condition." *Carroll v. Carnival Corp.*, 955 F.3d 1260, 1265 (11th Cir. 2020); *e.g.,* Order on Mot. Dismiss, *Gharaptyan v. Carnival,* No. 1:24-cv-23879-RNS (S.D. Fla. Jan. 22, 2025), ECF No. 24 (holding friction strips on steps established cruise line's notice of dangerousness of steps).

13. **Duty:** While Kelsey Cugino was on Classica's cruise ship, Classica owed him a duty of reasonable care under the circumstances.

14. **Breach:** Classica breached that duty when it failed to replace the worn and missing friction strips on the step's surface, and when it failed to repair the step's looseness.

15. **Causation and Damages:** Classica's breach of its duty caused Kelsey Cugino to slip and fall and tear his right quadriceps, requiring surgical repair by an orthopedic surgeon, followed by a prolonged rehabilitation period. When Kelsey fell, he suffered bodily injury and resulting pain and suffering, permanent scarring and disfigurement, disability, physical impairment, mental anguish, inconvenience, loss of the capacity for the

enjoyment of life, expense of hospitalization, and medical and nursing care and treatment. The losses are either permanent or continuing and Mr. Cugino will continue to suffer these losses in the future.

16. All conditions precedent have occurred or been performed.

Therefore, the Plaintiff, Kelsey Cugino, demands judgment against the Defendant, Classica Cruise Operator Ltd. Inc., for more than $75,000 in damages, and costs.

### F.  Request for Jury Trial

The Plaintiff requests a jury trial.

Dated: May 26, 2025.                    Respectfully submitted,

/s/Peter G. Walsh
Fla. Bar No. 970417
The Cruise Injury Law Firm PA
2915 Biscayne Blvd., Suite 300
Miami, FL 33137
786-877-2411
pwalsh@thecruiseinjurylawfirm.com
Attorney for Plaintiff, Kelsey Cugino